MOORE & BARNEY *vs.* PAINE, impleaded, &c.

*Sureties* to a bond for the payment of money, who have been *fully indemnified* for their responsibility, cannot avail themselves of an *insolvent discharge* granted to their *principal*, although such discharge was obtained by the concurrence of the creditor, and without such concurrence would not have been granted.

*It seems,* that a *discharge* to a *principal* debtor, obtained under such circumstances, would be a bar to an action against *sureties* not indemnified.

DEMURRER to replication. The plaintiffs declared on a *joint* bond executed by L. C. Paine, W. W. Cronkhite and E. Freer, bearing date 13th October, 1815, conditioned for the payment to the plaintiffs of $500, in two instalments, in the month of October, 1821. *Paine* (who alone appeared) pleaded that he and Cronkhite executed the bond declared on, as the *sureties* of Freer, for a debt owing by Freer, to the plaintiffs; that on the 13th January, 1819, Freer, being an inhabitant of the county of Warren, in conjunction with *two thirds* of his creditors, presented a petition to the first judge of that county to be discharged as an *insolvent debtor,* and that subsequently, to wit, on the 6th April, 1819, he obtained his discharge; that the whole amount of his debts, at the time of presenting the petition, was $2813,62; that the plaintiffs in this cause were *petitioning creditors* to the amount of $1796,51; and that the whole amount due to his creditors who united with him in the petition was $1911,53. The defendant averred that Freer could not and would not have been discharged but for the aid of the plaintiffs: and that by force of the discharge thus obtained, Freer was discharged from the bond declared on, with the consent and by the procurement of the plaintiffs, and this, &c. wherefore, &c. To this plea the plaintiffs *replied,* that on the 8th May, 1817, Freer executed a bond and warrant of attorney to Paine and Cronkhite, authorizing the confession of a judgment against him on the bond, which was conditioned for the payment of $1000 one day after date, which bond and warrant, it was alleged, were executed with the intent to place funds, money and means in the hands of Paine and Cronkhite to enable them to pay and satisfy the

moneys secured to be paid by the bond declared on, and to indemnify and save them harmless against all damages, &c. The plaintiffs further alleged, that by virtue of the said bond and warrant, a judgment was entered against Freer in favor of Paine and Cronkhite, and an execution issued thereon and delivered to the sheriff of the county of Washington, who, by virtue thereof, caused to be made of the goods and chattels of Freer the sum of $750, and on the 25th June, 1817, paid that sum to Paine and Cronkhite, concluding with an averment that no part of the said sum of $750 has been paid by Paine and Cronkhite, or either of them, to the plaintiffs in satisfaction of the bond declared on, nor have Paine and Cronkhite paid the same to Freer or to his assignee, but have retained and applied the same to their own use; and this, &c. wherefore they pray judgment, &c. The defendant Paine put in a demurrer to this replication.

*D. Cady,* for the defendant, insisted that the discharge by a creditor of one of two joint debtors is a discharge of both. Although no formal release was executed by the plaintiffs, the effect of their uniting in a petition for the discharge of one of their debtors, who without their aid could not have obtained such discharge, being to release such debtor, the other debtors should be held to be discharged. In this case, the debtor discharged was the *principal,* and those sought to be charged were the *sureties* of such principal. It has been holden that an *insolvent discharge* of one joint debtor was not a release of the other; but it did not appear in that case as in this, that the discharge was obtained with the consent and by the procurement of the creditor.

*O. Clark,* for the plaintiffs. The *discharge* of one of two joint debtors, under the insolvent laws, is no release of the other. *Tooker* v. *Bennet,* 3 Caines, 4. A *release* to one of several obligors, it is admitted, discharges the others; but to enable the other obligors to avail themselves of it, it must be a *technical* release under seal. *Rowley* v. *Stoddard,* 7 Johns. R. 207. A discharge of one, by operation of law, will not operate, and cannot be pleaded as a release by the other. A covenant

with one, not to sue him, though it has the same effect as a release, cannot be pleaded as a release. 8 T. R. 168. It is conceded that a creditor cannot, in his dealings with a *principal* debtor, do any act operating to the injury of other debtors, *sureties* of such principal. The plaintiffs here confess the facts alleged in the plea, but avoid the consequences resulting from them, by showing that no injury had accrued to the sureties from the act of the plaintiffs in uniting in a petition for the discharge of the principal debtor as an insolvent; that previous to the presentation of such petition, funds had been placed in the hands of the *sureties* by the act of the *principal* to pay the debt for which they are bound, and to save them harmless from all damages. This fact, set up in avoidance of the matter alleged in the plea, is admitted by the demurrer. A *surety* taking security from his *principal,* looses his privileges as a surety and becomes a trustees for the creditor. 15 Mass. R. 69. 2 Caines, 121.

*M. T. Reynolds,* in reply. Allowing that the defendants, as *sureties,* are liable to the plaintiffs for the moneys raised from the property of Freer, such liability will not sustain this action on the *bond.* The replication discloses a good cause of action, but does not support the declaration; it is a departure. The defence set up in this case is not put forward as a *release,* but as matter *in pais* discharging the sureties, and the replication is no answer to such defence.

*By the Court,* NELSON, J. Admitting the principle upon which the plea in this case is founded to be sound, for it is not material to examine that question, 7 Bing. 508, 2 Russ. 600, 2 Dowl. & Ryl. 337, the facts spread forth in the replication afford a conclusive answer to it. There can be no doubt, should the defendant in this case be obliged to pay this debt, that he can resort to his *principal* for reimbursement, notwithstanding the discharge, if he has not already obtained it. 15 Johns. R. 467. 9 Wendell, 312.

It is true that the *release* of one of two or more obligors to a bond, operates to discharge all, 9 Wendell, 336; but this rule is technical, and a discharge under the insolvent laws has ne-

NEW-YORK,
May, 1834.

Moore
v.
Paine.

cessarily no such effect. 1 Caines, 4. The plea could not be sustained upon this principle.

The ground obviously relied on, from the facts set forth in the plea, and upon which alone it can be sustained, if at all, is, that the defendant was a *surety* for Freer, the *principal*, that this was known to the obligees, who were instrumental in procuring Freer's discharge from all his debts under the insolvent laws, and of course from the payment of the debt due on the bond in question. It appears that they were materially so; for unless they had united in the petition to the judge, Freer could not have obtained the discharge, as two thirds of his debts would not and could not have been signed off under the act, had they not become *petitioning* creditors. The generally acknowledged and familiar principle is, that wherever the creditor deals with his debtor so as to alter the rights of the sureties, or in any way to impair their legal remedies against the principal, the sureties are discharged. They are favorites in the law, and are responsible only upon the strictest construction of their contract, and courts are bound to scrutinize closely any interference of the creditor with the debtor, and see that it is not to their injury. But it is obvious that this prin-ciple has no application to this case. The sureties received from the debtor in June, 1817, the whole amount to become due on the bond in question; and after that, as between him and them, they were the principals, and owed the debt. The discharge of Freer could in no possible way interfere with their rights or liabilities, so long as they held in their hands a complete indemnity against the bond, and he is not accountable to them if they are obliged to pay it. That obligation he has already discharged.

Judgment for the plaintiffs, with leave to the defendant to amend, on payment of costs.