Ojydiiam, J., delivered the opinion of the court. This was an action brought upon adelivery bond against Lockert, as principal, and Joyner, as his security. Lockert pleaded his certificate of discharge as a bankrupt, and the court held him to be dis„ charged, upon demurrer to his plea. The suit was then prosecuted against Joyner alone, and upon the trial the defendant introduced Lockert as a witness in his behalf, to which the plaintiff objected, but his objections were overruled by the courts and the correctness of the decision of the circuit court, in deciding Lockert to be a competent witness, is questioned by the assignment of errors. In England; it has been decided that where a surety pays a debt, after the discharge of the principal as a bankrupt, the discharge is no bar to the action of the surety against the principal. McDonald vs. Bovington, 4 Term. R. 825. Page vs. Russell, 2 Maul & Selw 551. Welsh vs. Welsh & another, 4 Maul & Selw. 333. In Walker vs. Barnes, 5 Taunt. 778, Gibbs. C. J.,said, “the question cannot be tried by a better rule than by examining whether an action could be brought for the demand.” In 1 Bacon's Abr. 425 it is laid down, that “where a man becomes bail for another, it is considered a contingent debt, and if the bail commit an act of bankruptcy before judgment, it cannot be proved under the commission. Accordingly where the defendant, on the 9th day of May, 1734, was bail on a writ of error, and on the 25th Oct., 1734, committed an act of bankruptcy, and after commission, obtained his certificate: on the 12th Nov., 1735, the judgment was affirmed, and in an action of debt, upon the recognizance, he pleaded his discharge, and that the cause of action arose before the bankruptcy, Lord Hardwicke, C. J., on the trial, held that the defendant was not discharged according to the case of Tully vs. Sparkes: for this was but a contingent debt, for which the plaintiff could not come in under the commission,” In New York the same doctrine is held in relation to discharges under their insolvent laws. In Burl vs. Gordon, 6 J. R. 126, which was air action brought by the bail against the principal, who was discharged under the insolvent act, the court held that “the debt was not made certain until after the defendant’s discharge: that it was like the case of a surety paving a debt after the discharge of the principal: that the debt must be certain and fixed at the tiiüe of the; insolvent’s assignment.” And so it has been held that the endorser' of a promissory note, who, after his endorsement, and beiore' the note becomes payable,- obtains his discharge- a:s an insolvent, is: not protected- from payment of the note; the-endorsement not creating a certain debt but merely'a liability, contingent on the nonpayment- Of the note by. the maker, and which liabilty, Could not become fixed until after the discharge. The president, &c., of the Mechanics' and Farmers' Bank, of the city of Albany vs. Capron, 15 J. R. 467; and so, if the endorser of a note pay it after the discharge of the maker, he may, notwithstanding, recover from the maker. Frost vs. Carter, 1 John. Cas. 73. S. C. 2. Caines cases in error, 310. McDonald vs. Bovington, 4 Term. R. 825. Mays vs. Stewart, Burr. Rep. 2439. Lucas vs. Winton, 2 Camp. 443. Ford vs. Andrews, 9 Wend. Rep. 312. In Andrews vs. Warring et al, 20 J. R. 153, it was held that a! discharge under the insolvent act, of a defendant,-who had- executed a bond as a surety for a- deputy sheriff,, is not a good plea' in bar, as the amount of damages .sustained in consequence of the breaches of the condition of the bond was not1 ascertained or liquidated. In Marsh et al. assignees vs. Baker et al., 1 Wash. C. C. R. 178, it was held that no debt but such as is due and owing can be proved under the commision; and consequently an endorser or acceptor of á bill of exchange drawn by the bankrupt who has not paid it before-the bankruptcy, cannot prove the debt. These cases conclusively establish the rule that where the-demand is uncertain or contingent, such as- cannot be proven under the commission, the discharge is no bar to the action brought subsequent to the discharge. In .the case now before the court, Joyner, the surety, had no cause of action against the principal, Lockert, which he might have proved under the commission: nor will he have any demand against him, until he pays the amount-for which he may be liable under his contingent and collateral undertaking, as surety upon the delivery bond. And upon a recovery against Joyner and payment by him, he will acquire a cause of action against Lockert, to which Lockert’s discharge will- be no bar, because the-right of action had not accrued at the time of the discharge and was not proveable under the commission. Lockert, therefore, had a direct and positive interest in the event of the suit, for if there should be a recovery against the surety, and he should pay it, Lockert would be liable to him, notwithstanding his discharge; and, therefore, it was to his interest that the plaintiff should not obtain a judgment against his surety, and he was, therefore, not a competent witness on the part of the defendant upon the trial. The circuit court consequently erred in permitting"him to be sworn as a witness. The testimony of Lockert being excluded, there is no evidence establishing the delivery of the negro boy named in the delivery bond, or an offer to do so. A new trial should, therefore, have been granted the plaintiff. ' i We do not conceive it necessary to determine any other questions raised by the record or assignment of errors.