the aid of by-laws. The act of Congress prescribes that "any vacancy in the board shall be filled by appointment by the remaining directors." (§ 43.)

Assuming the plaintiffs to be correct in their position that there are no by-laws, there is certainly no objection to the appointment under the statute. Besides, I may add that the statute seems to require the aid of no by-laws, and that none could be made to annul it. If the by-laws exist and are valid, I do not think they apply to the appointment of a director, though it might have been a sound provision had it been made. Irrespective of the by-laws and of the articles of association, the board have power, under the act, to remove the president by a mere majority vote. Assuming that they modify and qualify the act, a two-thirds vote is required.

It is argued that the court should stay the action of the board until the 14th inst., when a meeting of the stockholders will be held and the whole difficulty settled.

On mere questions of expediency, of this character, courts have no power to interfere with the action of a bank or its officers.

The preliminary injunction is, therefore, dissolved, and the motion for its continuance is denied with costs.

---

### ELSWORTH *a.* CALDWELL.

*Supreme Court, First District; At Chambers, May,* 1864.

TWO-THIRDS ACT.—INSOLVENT'S DISCHARGE.—CONTRIBUTION.— JOINT DEBTORS.—RELINQUISHMENT OF SECURITIES.—MERGER.

The relinquishment or assignment of a judgment, releases or transfers the debt as well as the security,—the debt being merged in the judgment.

A discharge under insolvent proceedings is personal, and does not operate to discharge one who is a joint-debtor with the insolvent.

One of two joint-debtors who has been released under the insolvent act is liable to contribution to his co-debtor for money paid to satisfy the joint obligation after the discharge.

Under 2 Rev. Stat., 36, § 11, which requires a creditor petitioning for the dis-

charge of an insolvent, to relinquish any security he holds, the obligation of a joint-debtor with the insolvent for the same debt, is not a security within the meaning of the statute.

Thus, where E., a judgment-creditor of G. and J., released unto the assignees in insolvency of J.,—*Held*, that this was not an assignment of his claim against G.

A judgment-creditor is not put to his remedy by action upon his judgment, in cases of an insolvent's discharge, except when the facts are in dispute.

Appeal from an order refusing leave to issue execution.

In October, 1855, the plaintiff, Edward Elsworth, recovered a judgment in this court against the defendants, George and Joseph W. Caldwell, as copartners, for the sum of $1,137.18.

In February, 1856, the plaintiff signed a petition for the discharge of Joseph W. Caldwell, one of the defendants, under the two-thirds act, which signature was as follows: "Edward Elsworth, $1,137.18—Judgment in Supreme Court, which is hereby relinquished to said assignees for the benefit of creditors."

Plaintiff made the usual affidavit, a portion of which read as follows: "And that neither he, this deponent, nor any person to his use, hath received from the said insolvent or any other person, payment of any demand, or any part thereof, in money, or in any other way whatever." Joseph W. Caldwell afterwards made the usual assignment to George Smith and Daniel S. Reed, who were appointed assignees under such petition and proceeding; and the defendant, Joseph W. Caldwell, was discharged from his debts, pursuant to statute, on the 30th May, 1856. Subsequently, the assignees sold all the judgments as against George Caldwell, who was not released from them; and among them they sold the present judgment for $1,137.18, in favor of the plaintiff, and the judgment was now claimed by E. R. Sampson, who bought it at the assignees' sale. In October, 1863, the plaintiff made a motion for leave to issue an execution on this judgment against the defendants, which motion was denied, but with leave to bring an action on the judgment. Plaintiff appealed.

*William A. Coursen*, for the appellant.—I. The plaintiff's relinquishment does not release George Caldwell. (*Laws of* 1849, ch. 176, § 1.) 2 Rev. Stat., 36, § 11, cannot have the effect contended for by defendants, without annulling the section just cited.

II. Any construction which would take from plaintiff his claim against G. Caldwell, would manifestly make a compact for the plaintiff utterly at variance with his intentions.

*Ira D. Warren*, for the respondents.—I. At the time the plaintiff made his motion for leave to issue an execution, he was not the owner 'of the judgment in question, and had no title thereto nor interest therein. (2 *Rev. Stat.*, 36, § 11.) Article third of the title referred to in section 11, is the act under which J. W. Caldwell obtained his discharge. (2 *Rev. Stat.*, 16.) The design of the provisions contained in section 11, before referred to, was to equalize the proceeds among the different creditors. This statute equalizes it by making .the judgment as against the party not discharged from it assets in the hands of the assignees, which it is their duty to sell, and divide the proceeds among all the petitioning creditors.

II. The special term gave the plaintiff leave to bring an action on his judgment, should he be so advised. This has been the universal practice of this court, where questions of this character have arisen. (Dresser *a.* Shufeldt, 7 *How. Pr.*, 85 ; Russell *a.* Packhard, 9 *Wend.*, 431 ; Reed *a.* Gordon, 1 *Cow.*, 50 ; Noble *a.* Johnson, 9 *Johns.*, 259 ; Betts *a.* Garr, 1 *Hilt.*, 411.)

By THE COURT.*—LEONARD, J.—The appeal in this action is from an order denying a motion for leave to issue an execution on a judgment recovered by the plaintiff against the defendants in October, 1855, on a copartnership or joint obligation of the defendants.

The defendant, Joseph W. Caldwell, was afterwards, in May, 1856, discharged from his debts as an insolvent under the two-thirds act. The plaintiff was one of the petitioning creditors for the discharge, and, under the provisions of the eleventh section of the act, added to his signature to the petition, a declaration in writing that he relinquished the judgment to the assignees of the insolvent, for the benefit of his creditors.

The assignees claiming that the relinquishment of the judg-

ment to the assignees operated under the last clause of the said eleventh section as an assignment, sold it to one Sampson. The defendants resist the motion upon the ground that the plaintiff is no longer the owner of the judgment, and has no power to take any proceedings to enforce its collection.

They also insist that the relinquishment operates to discharge both defendants, and that if the plaintiff has any rights against the defendants, or either of them, by virtue of this judgment, he should be remitted to his action, and not be permitted to try the question on affidavits by motion.

A reference to a few well-settled principles of law, will show that these positions are untenable :

1st. The relinquishment or assignment of a judgment, releases or transfers the debt as well as the security—the debt being merged in the judgment.

2d. The discharge under insolvent proceedings is personal, and does not operate to discharge a joint obligation with the insolvent. (Tooker *a.* Bennett, 3 *Caines*, 4; Moore *a.* Payne, 12 *Wend.*, 123.)

3d. In case the other defendant, George Caldwell, should be compelled to pay the judgment after the discharge of Joseph, under the insolvent laws, the insolvent, Joseph, will be liable to George for contribution, because such payment creates a demand arising after the discharge. (Ford *a.* Andrews, 9 *Wend.*, 312; Frost *a.* Carter, 1 *Johns. Cas.*, 73.)

The liability for contribution does not accrue until after payment of the debt by George. No valid law can be enacted which attempts to discharge a demand which has no existence at the time of granting the discharge, or having a prospective operation. (Ford *a.* Andrews, *supra.*) The obligation of one of two joint debtors composing a partnership, is not in the nature of a security for the other, within the meaning of section 11 of the act commonly called the two-third act. That section, it is true, requires the petitioning creditors to relinquish any judgment or other security held by them upon any real or personal estate of the debtor, and the relinquishment is to operate as an assignment of the security to the assignees of the insolvent debtor.

But the judgment against George is not a lien on any real or personal estate of Joseph, the insolvent, and for that reason it

cannot be held to be included in the relinquishment executed by the plaintiff in this case.

The relinquishment, in this case, operates only so far as the judgment is a security upon the real or personal estate of Joseph. The judgment, as against George, remains the property of the plaintiff, wholly unaffected by the discharge of Joseph, which is personal in its operation, and takes its effect by the authority of statute.

There is no occasion to remit the plaintiff to his action, to determine the effect of the discharge in favor of Joseph. Its validity is not denied.

The legal effect of it in respect to George, is the inquiry here. None of the facts are in dispute. No question of fact is attempted to be put on trial. The course suggested is adopted only where the facts are at issue.

The plaintiff is entitled to enforce his judgment as against George Caldwell; but as to Joseph, the motion must be denied. The order appealed from must be modified accordingly, but without costs.