## CHILTON & PRICE v. ROBBINS, PAYNTER & Co.

1. A surety who is fully indemnified by the principal debtor against loss, cannot avail himself, in a suit against him by the creditor, of the defence that the creditor had given time to tbe principal debtor, without his consent, and that he was thereby discharged.

ERROR to the Circuit Court of Benton county.

Assumpsit on promissory note by the defendants in error against the plaintiffs in error.

Upon the trial, as appears from a bill of exceptions, the defendants proved they were the sureties of one Pearson as to whom the suit had been discontinued, and that the plaintiffs some time before the commencement of this suit, had made an agreement upon a new consideration, moving from Pearson to the plaintiffs, by which they agreed to postpone the time of payment on the note sued on, for near a year after it fell due, to which agreement the sureties were not privy, and did not consent.

The plaintiffs proved that the sureties had obtained from the principal a deed of trust on property to secure themselves against liability on their suretyship, which was ample for that purpose—whereupon the Court charged the jury that the agreement between the creditor and the principal debtor to postpone the day of payment of the demand without the knowledge or consent of the sureties did not absolve the sure ies from the payment of the debt, although time was actually given, because the sureties had taken an indemnity from the pi .cipal debtor against the demand, and had never given the plaintiffs notice to sue—to which charge the defendants excepted.

Judgment having been rendered for the plaintiffs the defendants prosecute this writ of error, and assign for error the charge of the Court.

CHILTON, for plaintiffs in error, cited 2 Stewart, 63; 3 Stewart, 14; 6 Porter, 156.

WALKER and RICE, contra, cited 12th Wend. 123; 3 Dana, 591; 7 ib. 307; 5th Mass. 170; 1 Serg. and Rawle, 334.

ORMOND, J.—The plaintiffs in error were doubtless discharged by the time given the principal debtor by the defendants in error, without their consent, unless the fact that they are fully indemnified by the principal debtor will prevent their availing themselves of it, and in our opinion it must have that effect.

The taking by the sureties of a deed of trust or mortgage from the principal debtor to secure them against liability, and *ample* for that purpose, is in effect an appropriation by them of that portion of the effects of the principal to the payment of this debt, and they will not therefore be permitted to urge that they are not responsible. The cases cited by the counsel for the defendant in error that the taking by an indorser of an assignment of the effects of the maker as indemnity against loss upon the indorsement, is a waiver of demand and notice, or an admission of notice, are in principle quite analagous to this case. The case of Moore v. Paine, [12th Wendell, 123,] is in point There the sureties were discharged by the act of the creditor, but being fully indemnified by the debtor, were held liable to the creditor. The Court say, " The discharge of Freer, (the debtor,) could in no possible way interfere with their rights or liabilities so long as they held in their hands a complete indemnity against the bond and he is not accountable to them if they are obliged to pay it."

The same principle was affirmed in the case of Bradford v. Hubbard, [8th Mass. 155.] An accommodation indorser who was fully indemnified by the drawer, sued the acceptor of a bill of exchange, the bill having been accepted for the accommodation of the drawer. The Court recognized the principle that an accommodation acceptor was responsible to a *bona fide* holder of a bill, although he knew the acceptance was for the accommodation of the drawer; but the Court refused to permit him to recover of the acceptor, on the ground that he was fully indemnified. The language of the Court is, " we consider the appropriation of the proceeds of the effects of John R. Bradford, (the drawer,) to the payment of the plaintiff as indorser of this bill in the same light as if the money was in

his own hands.   It is so appropriated by the assignment, and the money is at the command of the plaintiff whenever he chooses to receive it."

These cases are decisive of the principle contended for by the defendants in error, and as they command our approbation the judgment of the Court below must be affirmed.