## LOWRY'S ADMR'S, v. THE WESTERN BANK OF GEORGIA.

1. A note payable at the Western Bank of Georgia is indorsed in Alabama; the indorsement is governed by the laws of Alabama, although the note and indorsement were made with the intention that it should be negotiated in Georgia, and with a view to be performed there.

2. When the liability of an indorser has not been fixed by notice, the fact that he has taken an indemnity from the maker, after the maturity of the note, will not have the effect to charge him on the indorsement.

Writ of error to the Circuit Court of Cherokee County.

AssumPSIT by the Western Bank of Georgia against John Lowry, as the indorser of a note made by one Bennett, payable at the Western Bank of Georgia. The first count is in the usual form upon the indorsement, and avers demand of payment and notice of non-payment to the indorser; the sixth count is the common one upon an account stated.

The second count is on the indorsement, and contains no averment of notice to the defendant; the note is described as made and indorsed in the State of Georgia, and it is alledged that by the charter of the Bank, it is enacted that no notice or protest shall be necessary to charge any indorser or maker of any note or obligation due said Bank; and that no proof of notice, demand, or protest shall be necessary or required on any trial to authorize a recovery.

The third and fourth counts have no averment of notice to the defendant of the non-payment of the note by the maker, and do not set out any place where the note or indorsement was made, but aver, that after the maturity of the note, and after the default of the maker, the defendant procured him to execute a deed of trust, conveying property of greater value than the amount of the note, for indemnification against the liability on account of said indorsement.

The fifth count has no averment of notice, and states the indorsement as made in Alabama, but alledges that the note was made and indorsed with a view to its negotiation in Rome, in Georgia, and to its becoming the property of the

plaintiff by its negotiation at that place, and to be performed with a view to the laws of Georgia. The charter of the Bank is set out the same as the second count. The defendant demurred to said count of the declaration, and his demurrer being overruled pleaded to issue.

At the trial the plaintiff gave in evidence two deeds of trust, executed by Barnett to a trustee, and conveying property for the purpose of indemnifying the defendant against his liability as indorser of the note sued on. The defendant was a party signing the deed, and the value of the property conveyed by it was in evidence.

The Court charged the jury, that although the indorsement was made in this State, and there was no proof of demand and notice to Lowry, yet if he took an indemnity which was full and sufficient to protect him from loss, that superseded the necessity of protest, demand and notice, and the plaintiff was entitled to recover if such was the fact. That, although Lowry's liability was extinguished by a failure on the part of the Bank to give notice of the non-payment, yet if he took a full and sufficient indemnity from the maker of the note, it mattered not at what time the indemnity was taken, the liability was thereby revived, and the plaintiff, in such event entitled to recover.

The defendant excepted to this charge, and it is now assigned as error, as is also the judgment, upon the demurrer be the four last special counts of the declaration.

HOPKINS & HINTON, for the plaintiffs in error, made the following points:

1. The counts demurred to show no cause of action, and should have been overruled. [Givans & Herndon v. Western Bank of Georgia, 3 Ala. Rep. 397; Stephenson v. Primrose, 8 Porter, 155.]

2. The Court erred in the charge, as a subsequent indemnity cannot revive a liability once gone. [Chitty on bills, 359, 476; Mechanics' Bank v. Griswold, 7 Wend. 165; Bard v. Farham, 5 Mass. 170; Tower v. Durell, 9 Ib. 332; Prentiss v. Danielson, 5 Conn. 175; Stephenson v. Primrose, 8 Porter, 155; Wredman v. Eastman, 10 N. H. 363.]

16

RICE and WHITE, contra, argued:

1. Contracts are construed and governed by the law of the place where they are to be performed. [Dunn v. Clement, 2 Ala. Rep. 392; Givans v. Western Bank of Georgia, 2 Ib. 397; Hanrick v. Andrews, 9 Porter, 9.]

2. Full indemnity to an indorser precludes him from urging that he is not responsible, because of an omission of demand and notice. [Chilton v. Robbins, 4 Ala. Rep. 224; Bard v. Farnham, 5 Mass. 170; 9 Ib. 332.]

GOLDTHWAITE, J.—Two principal questions have been raised in this case. The first is, whether the charter of the Bank can affect the indorsement made in Alabama, so as to render a demand of payment of the maker, and notice to the indorser unnecessary to fix his liability. The other is, whether a full indemnity taken by an indorser from the maker, subsequent to the dishonor of the note, will have the effect to revive the liability of the latter, when he is not charged by notice. We shall consider each in its turn.

1. The counsel for the plaintiff in error do not deny the general principle, that the indorser is chargeable according to the law of the place of indorsement, but they insist here, that as this note was made and indorsed with a view to its negotiation in Georgia, and was to be performed with a view to the laws of that State, (as averred in the last count of the declaration,) these must prevail, and furnish the rules by which the liability of the indorser, as well as the maker, is to be ascertained and governed. We think this argument is not sustained by any principle known to the law. Every indorser of a bill drawn in this State, upon another, or upon a foreign country, enters into the contract with a view to the negotiation and payment of the bill there; but this does not in any manner bring his indorsement within the influence of laws which are local to the place where the bill is payable. The averments, of the intention of the parties, which are introduced into this count of the declaration, are no other, or different from those which are presumed in every case of indorsement of a negotiable instrument. It may then be considered as if these averments were entirely omitted; if such was the form of the count, the indorsement would be within the precise principle

conceded by the counsel, and universally held by all writers upon commercial law. [Story on bills, § 397, 399, 177, n. 2 ; Chitty on bills, 661, 881.]

2. With respect to the supposed revival of the indorser's liability by his acceptance of, or procuring indemnity from the maker, the principal authorities relied on by the counsel for the defendant in error, are Bard v. Farnham, 5 Mass. 170 ; Tower v. Durell, 9 Ib. 332, and Chilton v. Robbins, 4 Ala. Rep. 223. The first and last of these cases are, where the indemnity was accepted before the dishonor of the note, and the principle upon which the decisions are made, is, that the party accepting the indemnity, is advised beforehand that the paper will not be paid, and has acted upon that advice so as to fully secure himself. The case is entirely changed when the default has taken place and the indorser has never been fixed by notice. Then the holder has never looked to the indorser for payment, nor has he acted upon information, which, in itself has been held to be equivalent to notice. We know of no decisions which carry the principle so far as to revive a liability which has been discharged, or rather, which never was fixed in consequence of the laches of the holder.

In Tower v. Durell, the other case cited by the defendant's counsel, it was decided that an indemnity taken by an indorser, under the impression it had been fixed by notice, was not sufficient to revive a liability which never in fact existed. It is not improbable that in equity the plaintiff in this case might compel the representatives of the indorser to enforce the indemnity received by him for their benefit ; but, however that may be, we are satisfied that no obligation is created by it for them to answer for the indorsement, as if their liability had been fixed by notice.

This conclusion will enable us to decide all the questions raised on this record. The first count avers demand and notice in the usual form; the second describes the note and indorsement as made in Georgia, and sets out the law of that State which excuses demand and notice; the sixth count is upon an account stated; all these counts are substantially good; but the remainder are defective in showing no sufficient excuse for notice. The demurrers ought to have been sus-

tained therefore to the 3d, 4th, and 5th counts of the declaration.

There was also error in the charge of the Court, which instructed the jury that the acceptance of the indemnity was a revival of the indorser's liability.

For these errors the judgment must be reversed, and the cause remanded.