GARRETT, ET AL, vs. FERGUSON ADMR'S.

1. Parol evidence is admissible to prove who is principal, and who surety, to a bond or note, in a suit at law.

2. In a suit against several, one is not competent to prove that he is principal, and the others sureties, so as to release the sureties. He is interested; his liability in the event of a recovery against, and payment by the sureties, being greater than it would be to the payee of the bond or note.

APPEAL from St. Louis Court of Common Pleas.

GAMBLE AND BATES, for Appellants.

The Appellants make the following points:

1st. That where a bond or note is made by several persons, one of whom is principal and the others securities, and the obligee or payee, makes an agreement with the principal for a consideration, to extend the time of payment without the consent of the securities, this discharges the securities. It cannot be necessary to cite authorities on this point.

2d. That where the form of the note does not show the relation of

the parties as principals and securities, it is competent for the securities to show it by parol evidence. Well vs. Girling, 4 Eng. Com. L. Reports 264; Paine vs. Pachard, 13 John. R. 175; King vs. Baldwin, 2 John. Ch. R. 555; King vs. Baldwin, 17 John. R. 399; 4 New Hampshire Reports 221.

3d. That Potterfield was in this case a competent witness for the other defendants upon the defence set up. It is manifest that he was not interested in the result of the trial, and being disinterested he was a competent witness, although a party on the record. Worral vs. Jones and others, 20 Eng. Com. Law R. 177; 6 Monroe 617; 6 Bing. 306.

There is probably no question in the law which has more frequently been discussed and decided in courts, than the competency of parties to the record as witnesses. In many of the cases the exclusion of the witness is put upon the ground of policy, in others of interest; in some, the two grounds are combined. The more recent decisions refer the question entirely to the interest of the witness; and where he is disinterested, he is admitted.

4th. Upon the case as acted upon by the court, there should have been a new trial granted.

GEYER & DAYTON, for Appellees.

The questions arising in the case are:

1st. Was Potterfield a competent witness?

2d. Was the evidence offered to be given by him competent?

In relation to the first question, the counsel for the appellees contend that Potterfield was incompetent.

*First,* Because he was a party to the record.

*Second,* Because he was directly interested in the event of the issues to be tried.

NAPTON, J. delivered the opinion of the court.

This was an action of assumpsit brought by the appellees upon a promissory note executed by the appellants, and one Daniel Potterfield, to the intestate, Th. J. Ferguson.

The note was as follows:

" $1000. Twelve months after date for value received, we or either of us, promise to pay Th. J. Ferguson, or order, one thousand dollars,

bearing ten per cent. interest per annum. Given under our hands this 1st day of July, 1840.

DANIEL POTTERFIELD,
TH B. CLAGGETT,
ENOS GARRETT,
ENOS GARRETT, JR."

After a judgment by default against Potterfield, the appellants appeared and pleaded, *first,* non assumpsit; *second,* that they executed the note as security, with the knowledge of Ferguson, and that after the making of the note, Ferguson in consideration that Potterfield executed his note to him for eighty dollars, did agree with Potterfield, to give him twelve months further time for the payment of the said note sued on, without the consent of the defendants; and *third,* that usury had been received on said note.

Upon the trial of the issues, the defendants produced Potterfield as a witness, who stated that he was principal, and the appellants were securities in the note sued; whereupon objections were made to the competency of the testimony and to the competency of the witness. The witness then produced a release from Claggett and from the Garretts, discharging said Potterfield from all liability to them for costs. He also acknowledged his indebtedness to the appellees, to the amount of the note sued on, and interest thereon; and desired the court to enter up judgment against him for said amount. The court sustained the objections to the competency of the testimony, and to the competency of the witness, and refused to enter up judgment against said Potterfield, on his confession in open court; and thereupon no other testimony being offered or given in the issue, a verdict was rendered against the defendants, and the court assessed the damages against Potterfield; and one judgment was thereupon accordingly rendered against them all.

Two questions are presented by the record; *First,* Was parol evidence competent to show that Potterfield was principal, and Claggett and others securities in the note sued on? and *Second,* If so, was Potterfield a competent witness to establish this? *First,* It has been questioned, whether in an action on a bond, in which the obligors are bound jointly and severally, it could be shown in a court of law, who were principals, and who were securities; the relation of the parties not appearing upon the face of the instrument. In the case of Sprigg vs. Bank of Mount Pleasant, (10 Peters 266,) Mr. Justice Thompson declared the rule to be well settled, that where principal and security are bound jointly and severally in a bond, although there is no express admission on the face of the instrument that all are principals, yet the

surety cannot aver by pleading that he is surety only. In Rees v. Bennington, (2 Ves. Jr. 542,) Lord Loughborough said: that in such cases, the form of the security forced them into equity: that at law, the security could not aver by pleading, that he was bound as security; but that if he could establish that at law, the rule by which his liability was to be determined, was a legal one. It will be remarked, however, that in the first mentioned case, the opinion of the judge was merely thrown out *arguendo*, and the point did not arise in the cause, it appearing upon the face of the instrument there sued on, that the obligors all executed them as principals. In the case of Rees v. Bennington, there was an application for an injunction to stay proceedings upon a judgment at law, against the surety, because the obligee had taken notes from the principal, without the knowledge of the surety, and given the principal further time. Judge Spencer (in King vs. Baldwin, 17 J. R. 399,) alluding to this opinion of Lord Loughborough, expresses his dissent in the following language: "We would not assent to his Lordship's proposition, that the fact of a man's being bound as security, could not be enquired into at law, if it became material to a legal enquiry, for we understand the rules of evidence to be the same in both courts; and we in vain sought for the principle, which allowed the enquiry in a court of equity, and denied it to a court of law; and we therefore came to the conclusion, that the defence being a legal one, it necessarily followed from the general rules of evidence being alike in both courts, that a court of law was competent to administer relief, and to examine all the facts necessary to relief."

In Craythorne vs. Swinburn, (14 Ves. Jr. 171,) Lord Eldon speaking of an obligation in which the obligors were bound jointly and severally, said that evidence was admissible to show who was the principal and who the security, and in order to determine that, to show to whom money was advanced.

The case of Pain v. Packard, (13 John. R. 175,) was upon a note, and it does not appear from the report of that case, whether the relation of the parties appeared on the face of the instrument, or not. The plea setting up a defence, arising out of the relation of principal and surety, was sustained by the court; and in the subsequent case of King v. Baldwin, in the court of errors, the case of Pain and Packard, was much criticised, and though there was much diversity of opinion expressed in relation to the main point in that case, relating to the degree of indulgence which the creditor might give to the debtor, without discharging the security, no objection was taken to the admission of the plea, on the ground that it would let in parol testimony to explain re-

lations of the parties to the note.   It was intimated by one or two senators, that had the instrument been a bond, a court of chancery alone could have afforded relief.

In Wells v. Girling, (8 Taun. 737) the plaintiff in *indebitatis assumpsit*, offered in evidence a note, of which the defendant was one of the makers, and the defendant was permitted to show that he only was surety.

In Bank vs. Kent, (4 N. H. R. 224) the court adopted the rule, that where the maker, who has signed as surety, does not appear on the face of the paper to be surety, he is to be considered and treated as a principal, with respect to all those who have no notice of his real character; but that wherever it is material, a defendant may show by intrinsic evidence, that he made the note as a surety only, and that it was known to the plaintiff that he was only a surety.   From these cases it will appear that the legality of admitting parol testimony, to show the actual relation of the parties to a note or bond, where that relation was not apparent from the face of the instrument, has been doubted, and that a distinction has been taken between notes and bonds, the propriety of which has also been questioned.   It is unnecessary and would be unprofitable, to pursue the inquiry here.   Whatever doubts may have been entertained on this subject, it is not difficult to establish, from the legislation of this State in relation to securities, from the well known usages of the country, and from the previous decisions of this court, that the law here is considered well settled in favor of the admissibility of such evidence.   In the case of Foster & Foster vs. Wallace, (2 Mo. R. 231) the point was expressly decided, and that in the case of a bond. Our act concerning securities, which enables them to hasten the collection of the debt for which they have become responsible, and relieves them from liability in certain specified cases, would be almost unavailing and inefficient, if it were understood by the law that unless it appeared on the face of the instrument, who was security, and who principal, that fact could not be shown from extrinsic evidence.   Most of the bonds and notes, current in our State, are of the character of the one sued on; they are joint and several, and it rarely happens that upon their face it appears who are principals, and who are sureties.   If this fact could not be shown, securities would be virtually deprived of the benefits and privileges secured to them by the Legislature.

*Second*, Was Potterfield a competent witness ?   The general rule of law is, that parties to the record are not competent witnesses, and this rule is founded on the presumption, that they are persons who have an immediate interest in cause.   But as in the progress of a cause, the

situation of some of the defendants may be essentially changed by default, or *nolle prosequi*, or verdict, it is generally held in actions of tort, that where a suit is ended as to one of several defendants, and he has no direct interest in its event as to the others, he is a competent witness for them, his own fate being at all events certain. Greenleaf's Ev. p. 400. This rule, however, has not in England, or in those States where the common law has undergone no material change in this particular, been extended to action on contract.

In Brown vs. Brown, (4 Taun. 751) the action was upon a joint contract against two, one of whom had suffered judgment by default. The party against whom the judgment by default had gone, was held to be incompetent to testify against his co-defendant, because if the plaintiff succeeded, the witness would prove another equally liable with himself, and therefore obtain contribution. This principle was recognized by this court in the case of Levy vs. Hawley, 8 Mo. R. 511.

In Mant vs. Mainwaring, (8 Taun. 139) the action was on a joint contract against several partners; and one defendant, who had suffered judgment by default, was called on to prove the partnership. He was held to be incompetent. The judges did not agree, however, upon the grounds for ruling him incompetent. Dallas, J., placed it on the ground that the witness was a party, and his co-defendants did not consent.— Park, J., said he was interested; that his judgment by default would only be operative in case of a verdict against the others; and therefore, he could not be called for them; and if called by the plaintiff, he might still give evidence for his co-defendants. Burrough, J., held that all the parties to a record must consent, before any one of them could be examined as a witness. The same point was ruled by this court in the case of Dixon vs. Hood, 7 Mo. R. 414; but the exclusion of the witness was placed on the ground, that he was interested in establishing the fact that others were jointly liable with himself.

In Worrell vs. Jones, 7 Burgh. 395, the action was on a bond for the payment of rent, &c. The principal, Jones, suffered judgment by default, and the plaintiff called him as a witness against his co-defendant. The chief justice, (Tindall,) said that Jones had no interest, as he could not call for contribution, and admitted himself to be the principal debtor; and as he did not object to being examined, and the only objection was, that he was a party on the record, this objection he considered futile, and said that no case could be found where this objection alone prevailed.

The relation of the parties to each other, in the case now before the court, is precisely the same, as in the case last cited; and according to

that authority, Potterfield would have been a competent witness against his co-defendants. The reasons given by Mr. Justice Park, in Brown vs. Brown, for excluding the testimony of a witness, in the situation of Potterfield, in behalf of his co-defendants, has no application in this State, where a plaintiff may sue as many joint obligators as he pleases, and may recover against one or more of them. So far as the costs were concerned, the release removed that objection. Still the situation of the witness is not the same, if the recovery is against the securities, as it would be if the recovery was against the witness alone. For if the recovery be had against the witness alone, he will have to pay the judgment and interest, at the rate of six or ten per cent., as the form of the note may require; but if the recovery be against the securities, they may have to pay that amount, and will be entitled under our statute, to recover not only that amount from the principal, but ten per cent. interest upon the amount they may be compelled to pay. So that the witness is interested in defeating the plaintiff's action, against the securities, not only so far as costs are concerned, which in that event he will be liable for, but because he will be further liable for interest upon the gross sum, they may be compelled to pay. Shelton vs. Ford and Whitehill, 7 Mo. R. 210.

Inasmuch as the court of common pleas rejected any evidence to explain the situation of the parties to the note, the judgment of that court is reversed, and the cause remanded.