## FAY vs. TOWER.

*September 10 — September 25, 1883.*

BILLS AND NOTES: SURETY: ESTOPPEL. *(1) Usurious note a consideration for extension. (2) Surety not estopped by admissions in ignorance of extension. (3) Indemnity, when continues liability.*

1. An usurious note given by the principal maker of another note to the holder thereof is a sufficient consideration for an extension of the time for payment of the latter.
2. Admissions by a surety of his liability upon a note, made in ignorance of the fact that the holder had granted an extension of the time for its payment, cannot estop him from asserting his release by reason of such extension.
3. The liability of a surety who has been fully indemnified against loss by the principal debtor continues notwithstanding an extension of the time for payment; but the giving of a mortgage to the surety to indemnify him does not, if the mortgage proves worthless, continue his liability.

Fay vs. Tower.

APPEAL from the Circuit Court for *Crawford* County. This action is to recover the amount due the plaintiff on a certain joint and several promissory note for $500, and ten per cent. interest, made by the defendant and one J. Burger to the plaintiff or bearer, dated March 17, 1876, and due eight months after date. Payments made by Burger at different times, and of different sums, amounting in all to about $250, are indorsed thereon. The defendant, in his answer, interposes the defense of usury, and a further defense, as follows: "And this defendant further avers, upon information and belief, that after the maturity of said note the plaintiff entered into an agreement with the said J. Burger without the knowledge or consent of this defendant, by the terms of which he gave the said J. Burger another and a different time for the payment of a portion of the sum due upon said note, and took from him, individually, another note for a portion of the sum due upon said note, thus changing, as to a part of the amount due upon said original note, the original contract entered into by the parties, and agreed to then by this defendant." The case was tried before the court (a jury having been duly waived), and the trial resulted in a judgment for the plaintiff for the amount found due on the note, from which judgment the defendant has appealed to this court.

The facts of the case, as they appear from the findings of the court and the evidence, are substantially as follows: The defendant signed the note in suit for the accommodation of Burger, and authorized him to fill in the date and the name of payee (which were left blank), and to dispose of it for his own use. Burger sold it to the plaintiff for $460, filled the blanks, and delivered the note to the plaintiff, who paid him that sum. On December 25, 1876, the note being overdue and not having been paid, the plaintiff agreed with Burger to extend the time of payment of the note one year. The consideration for such agreement was

the note of J. Burger for $93.33, payable in one year. Burger paid this note, February 7, 1878. The items which made the amount of $93.33 consisted of $33.33 interest on the note in suit, and one per cent. a month on the same note for one year, that being the agreed consideration for such extension. When the plaintiff purchased the note in suit, he did not know that the defendant was merely an accommodation maker, but he knew that fact before he took the note of Burger for $93.33, and granted him the extension. Under the dates respectively of September 27, 1879, and August 27, 1880, the defendant wrote to the plaintiff, recognizing his liability on the note. In October, 1879, the defendant received from Burger a mortgage on forty acres of land in Crawford county, conditioned that Burger should pay the note. When this mortgage was received, and when such letters were written, defendant had no knowledge that the plaintiff had granted Burger an extension of time on the note. Burger has a wife, but she refused to join in the mortgage. The mortgaged land is parcel of a farm then owned by Burger. When the mortgage was executed, there were attachments on the farm amounting to over $1,000, issued at the suit of creditors of Burger, and also a prior mortgage for $500. The defendant was the only witness examined as to the value of the farm. He testified in substance that it was not worth $1,800, and would not say that it was worth $1,600. He also testified that he considered the mortgage of no value.

The circuit court found some of the above facts; others are omitted from the findings. The court held that the note in suit was not tainted with usury; that the time of payment thereof was not extended to Burger by any valid agreement founded upon a valid consideration, and that the note was a valid existing obligation against the defendant for $460, and interest at the agreed rate, less the payments.

The cause was submitted for the appellant on the brief of

*D. Webster.* To the point that as the appellant did not know of the extension when he wrote the letters recognizing his liability, he is not bound thereby, he cited: *Hurd v. Hall,* 12 Wis., 112; 17 Cent. L. J., 22; *Merrimack Co. Bank v. Brown,* 12 N. H., 320; *Donaldson v. Means,* 4 Dall., 109.

For the respondent the cause was submitted on the brief of *Thomas & Fuller.* They contended, *inter alia,* that one who signs as principal maker in form, and thus allows his paper to be put upon the market, is estopped from claiming, as against a purchaser without knowledge of his suretyship, that he is only a surety. *Grafton Bank v. Kent,* 4 N. H., 221. The appellant treated the note as an existing liability after the extension and is estopped from saying that he was released thereby. *Irvine v. Adams,* 48 Wis., 468, 476.

LYON, J. Such of the facts above stated as are omitted from the findings of the circuit court are established by clear and satisfactory evidence — really they are scarcely controverted. Among these are the facts relating to the extension granted by plaintiff to Burger on the note in suit. That such extension was given upon a valid consideration, and was binding upon the plaintiff, notwithstanding the consideration therefor was the usurious note of Burger, was settled by the judgment of this court in *Moulton v. Posten,* 52 Wis., 169. In that case, as in this, the consideration for the alleged extension was the usurious note of the principal debtor. It was held a valid extension, binding the holder of the note, and the surety was discharged. It is there said that the holder of the extended note could not be heard to allege that the note taken for the extension was usurious and that there was no consideration for his agreement to extend. The same rule must control this case. The fact that the note given for the extension in this case was paid long since, while in *Moulton v. Posten* the note given for the extension had not been paid, is not important. If it has any significance it makes

this a stronger case against the plaintiff, for he, long since, received the agreed consideration, whereas in the other case the note given in consideration of the extension remained liable to be defeated by the defense of usury. See, also, *Hamilton v. Prouty*, 50 Wis., 592.

The defendant having no knowledge of the extension,— (and, of course, not consenting thereto),— and the plaintiff knowing, when he granted the extension and accepted the consideration therefor, that the defendant was a mere surety for Burger, it follows that the defendant was thereby released from liability on the note, unless he has done some act which in the law operates to continue his liability, notwithstanding such extension.

It is claimed that by recognizing his liability on the note in his letters to the plaintiff, written after the extension was granted, his liability was continued. If so, it is on the ground of estoppel. But when he wrote those letters he was ignorant of the extension. It is a familiar rule that no estoppel results from an admission, or other act *in pais*, unless the party making the admission or doing the act has knowledge of all the material facts. The extension was a material fact, and the defendant had no knowledge of it when he wrote the letters. He is not estopped, therefore, by his admissions to assert his release because of the extension.

It is further argued that the taking of the mortgage executed by Burger to indemnify him against the note in suit, continues his liability on the note, notwithstanding the extension. It is undoubtedly true that had the mortgage fully indemnified him against loss on account of the note, his liability thereon would continue. It was so held in *Moore v. Paine*, 12 Wend., 123; *Chilton v. Robbins*, 4 Ala., 223; and *Bradford v. Hubbard*, 8 Pick., 155. But the defendant did not obtain full indemnity by the mortgage. It is quite clear from the testimony that the mortgage is

worthless, and that he obtained no indemnity at all. For this reason his liability on the note is not thereby continued.

If it should turn out that the mortgage is of any value, probably the plaintiff would be entitled in equity to be subrogated to the rights of the defendant thereto, and doubtless the defendant would voluntarily transfer the same without suit, if requested to do so. See *Hampton v. Phipps*, 108 U. S.

No other ground for avoiding the effect of the extension has been suggested.

The above views are conclusive of the case, and it is unnecessary to consider the question of usury.

The judgment must be reversed, and the cause will be remanded with directions to give judgment for the defendant.

*By the Court.*— It is so ordered.