JONES, Respondent, vs. WARD, Appellant.

*February 7 — February 28, 1888.*

*Principal and surety: Release: Indemnity.*

The release of the principal debtor without the consent of the surety and without payment of the debt, does not release the surety if he is fully indemnified against loss by reason of having become such.

APPEAL from the Circuit Court for *Grant* County.

Action on two promissory notes. The facts in the case, as they appear by the testimony and the findings of the court, are as follows:

November 11, 1884, one McArthur and the plaintiff, *Jones,* were the owners, in unequal shares, of a printing establishment consisting of presses and printing materials, from which establishment was issued a weekly newspaper called "The Dodgeville Sun." They also owned a quantity of book-accounts, which had accrued in their business. On that day McArthur sold a portion of his interest in such establishment to one George E. Ward. December 1, 1884, George E. sold a portion of his interest in the property to the plaintiff, giving him a note for $345, which the defendant, his brother, signed as surety. This is one of the notes in suit in this action, but the defendant's liability thereon is not disputed. December 12, 1884, the plaintiff sold his interest in the property to one Cook, for $600, taking therefor three notes of $200 each, signed by Cook and also by the defendant as a surety for Cook. One of these $200 notes is sued upon in this action, and the defendant contests his liability thereon. At the same time, Cook executed to the defendant a chattel mortgage on the property so purchased by him, conditioned for the payment of the three $200 notes, upon which the defendant had thus become liable as surety. January 3, 1885, George E. Ward sold his

interest in the property to McArthur.   January 8, 1885, Cook sold his interest therein to George E. Ward.   One of the considerations of this sale was that the latter should induce the plaintiff to release Cook from liability on the three $200 notes.   The plaintiff did so release Cook, without the consent or knowledge of the defendant.   No payment was made on the notes as consideration of the release.   January 28, 1885, George E. Ward, by the defendant as his agent, sold his interest in the property to McArthur.   As one of the considerations of this sale, the defendant assigned to McArthur the mortgage of December 12, 1884, executed to him by Cook.   At the date of such assignment, such mortgage interest was worth more than the amount due on the $200 note in suit.   Such assignment was made without the consent of the plaintiff, and, after it was made, McArthur withdrew the mortgage from the files of the town clerk's office.

From the above facts the circuit court held that the defendant, being fully indemnified by Cook's chattel mortgage to the extent of the $200 note in suit, is liable to the plaintiff for the amount of such note.   Judgment for the plaintiff was entered accordingly for the amount due on both notes in suit, from which judgment the defendant appeals.

For the appellant there was a brief by *Bushnell & Watkins*, and oral argument by *Mr. A. R. Bushnell.*  They conceded that if a surety is indemnified by receiving property from his principal to apply on the liability, the creditor is, *in equity*, entitled to the full benefit of such security; but they insisted that a creditor cannot avail himself of personal indemnity against a surety, unless the surety could have done so.   Equity would never permit the defendant to enforce the chattel mortgage unless he became liable to pay something as surety.   Being released by the release of his

principal, he never could become so liable. Brandt on Suretyship, secs. 284–5.

For the respondent there was a brief by *Clark & Mills*, and oral argument by *Mr. J. T. Mills.* They cited *Fay v. Tower*, 58 Wis. 286; Brandt on Suretyship, sec. 123; *Moore v. Paine*, 12 Wend. 123; Story's Eq. Jur. sec. 502b; *Smith v. Est. of Steele*, 25 Vt. 427; *Richards v. Yoder*, 10 Neb. 429; *Nat. Bank v. Bigler*, 83 N. Y. 60; *Curtis v. Tyler*, 9 Paige, 432.

LYON, J. Briefly stated, the case, so far as there is any controversy, is as follows: The defendant became surety for Cook's debt to the plaintiff, and Cook indemnified him by executing to him a chattel mortgage on certain property. The plaintiff released Cook from liability for such debt, without the consent of the defendant. Afterwards, defendant sold his security to McArthur, without the consent of the plaintiff, for the consideration (as the circuit court found) of $475.

The only question in the case is, Did the release of Cook also release the defendant, his surety? The general rule undoubtedly is that the release of the principal debtor, without the consent of the surety, releases the surety. But if the surety is fully indemnified against loss by reason of having become such, a release of the principal without payment of the debt does not release the surety. This is the rule laid down in *Fay v. Tower*, 58 Wis. 286, as applied to a case in which an unauthorized extension of credit had been given to the principal. Manifestly, the same rule should be applied where the surety is absolutely released from the debt. The rule is founded upon a very plain principle of justice. To illustrate: A. becomes security for B. to C. for the payment of $1,000. B. puts property into the hands of A., worth $1,000, to indemnify him against loss

because of the obligation thus assumed by him.　C. releases B., the principal debtor, from all liability on account of the debt, but receives no payment thereon.　A., the surety, then sells the pledged property for $1,000 and retains the proceeds.　It is entirely reasonable and just that, notwithstanding the release of the principal debtor, C. should have his remedy against the surety for the amount realized by him in the sale of the pledged property.　Such, we think, is the law.　It seems to us that we have here just such a case.

*By the Court.*— The judgment of the circuit court is affirmed.