JOHN H. HARDESTER, Appellant, v. P. M. TATE et al., Respondents.

**St. Louis Court of Appeals, November 20, 1900.**

1. **Promissory Note: PRINCIPALS: SURETIES: PAROL EVIDENCE: EXTENSION OF TIME OF PAYMENT.** In the case at bar the defendants P. M. Tate and John Merrill signed the following note: "Twelve months after date, we or either of us promise to pay John Hardester or order $100 for value received of him, with 8 per cent interest from date until paid, this 20th day of September, 1891.
Signed.

Philip Canoy,<br>P. M. Tate,<br>John (x) Merrill."

*Held* that *prima facie* the defendants are principals in the note, but for the purpose of securing their alleged rights or immunities as sureties it was competent for them to show by parol or extrinsic evidence that they signed the note as sureties.

2. ———: ———: KNOWLEDGE. Upon the face of the note the defendants must be considered and treated as principals with respect to all persons without knowledge that they signed the note as sureties.

3. ———: ———: PLEADING: EVIDENCE: NOTICE: PRESUMPTIONS: PAYEE. There is no presumption that the payee or holder of the note, in the case at bar, had knowledge of the suretyship at the time of the contract of extension and in all cases the surety must aver and prove the facts of notice.

Hardester v. Tate.

4. ——— : ——— : INDEMNIFICATION OF SURETY: EXTEN-
SION OF TIME OF PAYMENT. A surety who is *fully indemni-
fied* can not be prejudiced by an extension of the time of payment,
and will not be discharged by such an agreement by the maker of
the note.

Appeal from the Texas Circuit Court.—*Hon. W. N. Evans,*
Judge.

REVERSED AND REMANDED.

*J. B. Harrison* and *Thos. M.* and *Cyrus H. Jones* for
appellant.

It will be observed that the note sued on by appellant
was signed by the defendants and Canoy in the face thereof,
and the note stated that "we, or either of us, promise to
pay;" etc. We submit that this note was a joint obligation,
and that all of the parties signing the same were makers, and
there being no notice whatever to Hardester, either verbal
or otherwise, that the defendants signed said not in any
other capacity than as makers, the presumption is that they
did sign as makers, and knowledge to Hardester will not be
presumed in favor of the defendants. Pogue v. Clark, 25
Ill. 333; Chandlier v. Ruddick, 1 Ind. 391; Reefs v. Abbott,
Cowp. 832; Mullendore v. Wertz, 75 Ind. 431, 39 Am. Rep.
155; Schneider v. Schiffman, 20 Mo. 571. "When it ap-
pears that the verdict is unsupported by the evidence or
the weight of the evidence or that injustice has been done, it
is the duty of the trial court to interfere and award a new
trial." 43 Mo. App. 597; 92 Mo. 565; 130 Mo. 170; 65 Mo.
App. 209.

No brief furnished for respondent.
VOL. 85 app—40

BIGGS, J.—Action on the following note, to-wit: "Twelve months after date we or either of us promises to pay John Hardester or, order $100 for value received of him, with eight per cent interest from date until paid, this twentieth day of September, 1894.

(Signed.)

> Philip Canoy,
> P. M. Tate,
> John (x) Merrill."

Tate and Merrill only were sued. Their defense was that they signed the note as sureties for Canoy; that after the maturity of the note the plainitff for a valuable consideration agreed with Canoy to extend the time of payment for a definite period, and that this contract was entered into without the consent of the defendants. The plaintiff denied making the contract, and he also denied that the defendants signed the note in the capacity of sureties. The jury found the issues in favor of the defendants and judgment was entered in accordance with the verdict. The plaintiff has appealed.

*Prima facie* the defendants are principals in the note, but for the purpose of securing their alleged rights or immunities as sureties it was competent for them to show by parol or extrinsic evidence that they signed the note as sureties. Garrett v. Ferguson, 9 Mo. 124; 1 Brandt on Suretyship & Guaranty, sec. 29; O'Howell v. Kirk, 41 Mo. App. 523.

Upon the face of the note the defendants must be considered and treated as principals with respect to all persons without knowledge that they in fact signed the note as sureties. Therefore, the defendants' instructions were erroneous in that the jury were not required to find that the plaintiff at the time he made the alleged contract of extension *knew*

that the defendants signed the note as sureties. Garrett v. Ferguson, *supra*; Greenough v. McClelland, 2 Ellis & Ellis, 424; Gipson v. Ogden, 100 Ind. 20; Lamson v. Bank, 82 Ind. 21; Tharp v. Parker, 86 Ind. 102; Brandt on Suretyship, etc., 375. The foregoing authorities hold that there is no presumption that the payee or holder of the note had knowledge of the suretyship at the time of the contract of extension, and that in all cases the surety must aver and prove the fact of such notice.

An inquiry was made of one of the defendants if Canoy had not indemnified him against liability on account of the note by assigning to him a policy of insurance on the life of Canoy. The circuit court refused to allow the question to be answered. The offer of proof is not sufficiently definite to justify a ruling on the question. In view of a retrial we may suggest that the weight of authority seems to be in favor of the proposition that a surety who is *fully indemnified* can not be prejudiced by an extension of the time of payment, and therefore will not be discharged by such an agreement. 2 Brandt on Suretyship, sec. 349; Kleinhous v. Generous, 25 Ohio St. 667; Fay v. Tower, 58 Wis. 286; Jones v. Ward, 71 Wis. 152; Moore v. Paine, 12 Wend. 123; Chicton v. Robbins, 4 Ala. 223; Bradford v. Hubbard, 8 Pick. 155.

For the error pointed out the judgment of the circuit court will be reversed and the cause remanded.

All concur. Judge *Bond* in the result.