WHIRRY, Plaintiff and Appellant, vs. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Respondent: LANGER, Defendant and Appellant.

*February 4—March 3, 1953.*

For the appellants there was a brief by *Frank L. Morrow* of Eau Claire, for George Whirry, and by *R. Wilbur Brookshaw* of Ellsworth, and *Ramsdell, King & Carroll* of Eau Claire, for Gladys Langer, and oral argument by *Mr. Morrow.*

For the respondent there was a brief by *Wilcox & Sullivan* of Eau Claire, and oral argument by *Francis J. Wilcox.*

GEHL, J.   We have for determination the question whether the liability of the company imposed by the terms of the policy issued to Francis B. Langer, now deceased, continues so as to afford coverage to his widow.

The policy was purchased in March, 1949, and was renewed at intervals of six months. Mr. Langer died on July 21, 1950. During the following month the company

sent notice addressed to him that the policy would expire. On September 8, 1950, before the expiration date of the last renewal period, Mrs. Langer returned the notice of expiration together with a postal money order for the amount of the premium by mail addressed to the home office of the company. The money order designated Mrs. Langer as the remitter. She received a premium receipt addressed to and in the name of her husband. On September 25, 1950, she was appointed administratrix of the estate of her husband. The collision occurred on October 24, 1950. No notice of the husband's death came to the attention of the company until October 27, 1950.

On March 28, 1951, after commencement of this action the company tendered a return of the premium paid by Mrs. Langer. It was refused.

The liability of the company is determined and limited by the terms of the policy. Clause 16 thereof is as follows:

"*Assignment.* Assignment of interest under this policy shall not bind the company until its consent is indorsed hereon; if, however, the named insured shall die or be adjudged bankrupt or insolvent within the policy period, this policy, unless canceled, shall, if written notice be given to the company within sixty days after the date of such death or adjudication, cover (1) the named insured's legal representative as the named insured, and (2) under coverages A and B, subject otherwise to the provisions of insuring agreement III, any person having proper temporary custody of the automobile, as an insured, until the appointment and qualification of such legal representative but in no event for a period of more than sixty days after the date of such death or adjudication."

There in rather plain language are described the circumstances under which the time of coverage is extended in case of the death of the named insured.

To make its provisions applicable it must appear that written notice of the death be given to the company within sixty days after the date of death. No such notice was given

until after the accident. It must also appear that the accident for which recovery is sought happened within sixty days after the date of death. The accident occurred ninety-four days after the death of Francis B. Langer. The provisions of this clause of the policy are a clear and definite answer to plaintiff's claim.

Plaintiff points to the provisions of paragraph IV of the insuring agreement and to language which he contends should be construed to extend the liability of the company to the situation here considered. It is a sufficient answer to that contention to call attention to the fact that the provisions apply only to the use of an automobile other than that described in the policy.

It is urged that since the company retained the renewal premium paid by Mrs. Langer on September 8, 1950, and made no effort to return it until after this action was commenced, and knew or should have known of the death of Francis B. Langer shortly after he died and certainly knew of his death on or before October 31, 1950, it is estopped to assert the defense. The record discloses no circumstance from which it may be inferred that the company should have known of the death earlier than October 27, 1950. The trial court found, and the finding is not attacked, that neither Gladys Langer nor anyone acting in her behalf, gave any notice of the death, oral or written, to the company, or any person acting for it until some days after the happening of the accident.

Since notice of the death of Francis B. Langer did not come to the company until after the accident, and it had done nothing upon which Mrs. Langer relied and had been led to change her position for the worse, neither the doctrine of equitable estoppel nor of waiver is applicable. *Jungdorf v. Little Rice,* 156 Wis. 466, 145 N. W. 1092; *Kimball v. Baker Land & Title Co.* 152 Wis. 441, 140 N. W. 47;

*Woodard v. German-American Ins. Co.* 128 Wis. 1, 106 N. W. 681. Waiver implies actual knowledge of a fact or condition going to the liability of the insurer. *Fay v. Tower,* 58 Wis. 286, 16 N. W. 558; *England v. Westchester Fire Ins. Co.* 81 Wis. 583, 51 N. W. 954.

"All cases of waiver and estoppel in favor of continued liability under a policy of insurance, are grounded upon the insurer doing some act inconsistent with insisting upon a termination of the policy. . . . When there is no treatment of the insurance contract as having one status and then a change of position to the prejudice of the policyholder or claimant thereunder by treating the contract as having a different status, the doctrine of waiver or estoppel, so often applied in actions of this sort, has no application whatever to defeat the effect of a forfeiture." *Bennett v. Beavers Reserve Fund Fraternity,* 159 Wis. 145, 147, 150 N. W. 181.

The policy was issued originally in the name of Francis B. Langer. Each of the renewal certificates, including the last, was issued in his name. When Mrs. Langer remitted for the last of them she did not notify the company that her husband had died and that she expected that the liability of the company would continue as though she were the named assured. Upon receipt of the premium the company acted as it always had; it issued its certificate in the husband's name and did nothing which can be construed as treating the contract as having a status different from that which it had during the husband's lifetime. It owed no duty to indicate its purpose to treat the contract as terminated because of the death until it obtained actual knowledge of the fact. *Fay v. Tower, supra; England v. Westchester Fire Ins. Co., supra;* and *Fraser v. Aetna Life Ins. Co.* 114 Wis. 510, 90 N. W. 476.

The retention of the premium paid by Mrs. Langer does not under the circumstances constitute a waiver of the com-

pany's defense nor does it estop it to assert it. Whether it would so operate depends upon the company's intent as indicated by its conduct after receipt of notice of death.

"It has often been held that the mere retention of a premium paid to an insurance company upon a policy after forfeiture thereof, where the circumstances do not indicate an intent to appropriate the money to its own use as its own property, but do indicate a willingness to account therefor as the property of the policyholder, even though the money be retained down to the final termination of the litigation in respect to the validity of the policy, does not prevent the company from prevailing upon the plea of forfeiture." *Fraser v. Aetna Life Ins. Co., supra,* at page 525.

Some time during the early part of November, 1950, one of the company's representatives called upon Mrs. Langer for the purpose of obtaining from her a nonwaiver agreement. She refused to sign one. She testified that on his second visit to her, a few days later, he told her that she had no coverage; that ordinarily his company did not insure dead men. The retention of the premium under those circumstances does not indicate an intention to waive the company's rights under the terms of the policy. Mrs. Langer's refusal to recognize the company's claim of nonliability was sufficient to indicate to it that an earlier tender would have been useless.

"In *Harris v. Equitable L. Asso. Soc., supra,* the court held, in effect, that in the absence of circumstances indicating an intention on the part of the insurance company to claim the money paid upon the policy after it was forfeited, as its own, after it obtained knowledge of the facts rendering the policy invalid, it was not precluded from prevailing on the plea of forfeiture; and that the plaintiff had no reason to complain because of the mere retention of the money, so long as the company showed willingness to account therefor in the action." *Fraser v. Aetna Life Ins. Co., supra,* at page 527.

Insurance contracts cannot be created by estoppel. *Macomber v. Minneapolis F. & M. Ins. Co.* 187 Wis. 432, 204 N. W. 331; *Maryland Casualty Co. v. Industrial Comm.* 230 Wis. 363, 284 N. W. 36.

We hold, therefore, that the policy was voided by the death of Mr. Langer, that there is no evidence to show any waiver of its conditions, and that the defendant is not estopped to assert the defense of nonliability.

*By the Court.*—Judgment affirmed.